# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF DELAWARE, <br><br> Plaintiff, <br><br> v. <br><br> LOUANN HUDSON, in her official, capacity as FOIA Coordinator for the BOARD OF EDUCATION OF THE CAPE HENLOPEN SCHOOL DISTRICT; MARILYN MOORE, in her official capacity as FOIA Coordinator for the BOARD OF EDUCATION OF THE  CHRISTINA SCHOOL DISTRICT; KYLIE CROSS, in her official capacity as FOIA Coordinator for the BOARD OF EDUCATION OF THE WOODBRIDGE SCHOOL DISTRICT <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     C.A. No. N25C-12-567 SPL |

Submitted: April 10, 2026
Decided: July 21, 2026

*Upon Defendants' Motion to Dismiss,*
**GRANTED**.

## <u>ORDER</u>

This 21st day of July 2026, upon consideration of the Defendants' Motion to

Dismiss,[1] the American Civil Liberties Union of Delaware's ("ACLU Delaware")

---

[1] D.I. 9 ("Mot. Dism."); D.I. 7 ("Notice of Joinder").

response,[2] the parties' oral argument, and the record in this case, it appears to the Court that:

## BACKGROUND

1.      In October 2025, ACLU Delaware submitted Freedom of Information Act ("FOIA") requests to Delaware school districts seeking information relevant to the educational opportunity and outcomes for all English Language Learning students in Delaware public schools.[3] Fourteen school districts responded.[4] Four of the responding districts responded without charging any fees.[5] Seven districts estimated administrative fees of less than $400.[6] The remaining three school districts, Cape Henlopen, Christiana, and Woodbridge, estimated administrative fees of $1,900 or more.[7]

2.      The Board of Education of the Cape Henlopen School District estimated costs of $3,438.05 for 47.5 hours of work,[8] the Board of Education of the

---

[2] D.I. 12 ("Resp.").

[3] D.I. 1 ("Compl.") ¶¶ 16-17.  Plaintiff moved to amend the complaint to properly name the School District Defendants.  D.I. 15, Ex. A (Am. Compl.).  The Court granted the motion.  D.I. 22.  Because the proposed Amended Complaint was not filed as a separate docket item, references herein are to the docketed complaint.

[4] Compl. ¶ 21.

[5] *Id*. ¶ 22.

[6] *Id*. ¶ 24.

[7] *Id*. ¶ 25.

[8] *Id*. ¶ 28.

1

Christina School District estimated costs of $1,983.62 for 32 hours of work,[9] and the Board of Education of the Woodbridge School District estimated costs of $2,000 for 20 hours of work.[10]

     3.     ACLU Delaware filed a Complaint in this Court against the FOIA Coordinators and respective Boards of Education of the Cape Henlopen School District, the Christina School District, and the Woodbridge School District alleging "the Defendant School Districts have assessed unreasonable administrative fees, erecting a barrier to public information in contravention of the plain language and purpose of FOIA."[11] ACLU Delaware requests the Court: (1) declare Defendants' proffered fees unreasonable; (2) "[e]njoin Defendants from charging unlawful administrative fees; and (3) "[o]rder Defendants to provide requested documents in compliance with the law."[12] Plaintiffs also seek attorneys' fees and costs.[13]

     4.     Defendants have moved to dismiss ACLU Delaware's Complaint under Superior Court Civil Rule 12(b)(6).[14] Defendants contend the complaint must be dismissed because ACLU Delaware failed to initiate its complaint with the Attorney

---

[9] *Id*. ¶ 38.

[10] *Id*. ¶ 47.

[11] Compl.; Am. Compl.

[12] Compl. at 13.

[13] *Id.*

[14] Mot. Dism.; Notice of Joinder.

2

General and, thus, failed to exhaust administrative remedies.[15]  ACLU Delaware

responded,[16] and the Court heard argument from the parties.[17]

**LEGAL STANDARD**

5.       On a motion to dismiss for failure to state a claim upon which relief can

be granted under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in

the complaint must be accepted as true.[18] Even vague allegations are considered

well-pleaded if they give the opposing party notice of a claim.[19]  The Court must

draw all reasonable inferences in favor of the non-moving party.[20]  The Court,

however, will not "accept conclusory allegations unsupported by specific facts," nor

will it "draw unreasonable inferences in favor of the non-moving party."[21]  "[T]he

governing pleading standard in Delaware to survive a motion to dismiss is

reasonable 'conceivability.'"[22]  Dismissal is not appropriate unless the "plaintiff

---

[15] Mot. Dism.

[16] Resp.

[17] D.I. 24.

[18] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[19] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

[20] *Id*.

[21] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citation omitted).

[22] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings,* LLC, 27 A.3d 531, 537 (Del. 2011) (citation omitted).

3

would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[23]

## ANALYSIS

6. The Delaware Freedom of Information Act ("FOIA"), codified in Chapter 100 of Title 29 of the Delaware Code, declares:

> It is vital in a democratic society that public business be performed in an open and public manner so that our citizens shall have the opportunity to observe the performance of public officials and to monitor the decisions that are made by such officials in formulating and executing public policy; and further, it is vital that citizens have easy access to public records in order that the society remain free and democratic. Toward these ends, and to further the accountability of government to the citizens of this State, this chapter is adopted, and shall be construed.[24]

"The policy behind this law is to ensure government accountability, inform the electorate and acknowledge that public entities, as instruments of government, should not have the power to decide what is good for the public to know."[25]

7. Under FOIA, "[a]ll public records shall be open to inspection and copying during regular business hours by the custodian of records for the appropriate

---

[23] *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 871–72 (Del. 2020) (cleaned up).

[24] 29 *Del. C.* § 10001.

[25] *Guy v. Judicial Nominating Com'n*, 659 A.2d 777, 780 (Del. Super. Ct. 1995) (citing *Delaware Solid Waste Authority v. News-Journal Co.,* 480 A.2d 628, 631 (Del. 1984)); *see also Judicial Watch, Inc. v. University of Delaware*, 267 A.3d 996, 1004 (Del. 2021) (explaining Delaware FOIA framework).

public body. Reasonable access to and reasonable facilities for copying of these records shall not be denied to any citizen."[26] With limited exceptions, a "[p]ublic record" is defined as:

> information of any kind, owned, made, used, retained, received, produced, composed, drafted or otherwise compiled or collected, by any public body, relating in any way to public business, or in any way of public interest, or in any way related to public purposes, regardless of the physical form or characteristic by which such information is stored, recorded or reproduced.[27]

A "public body" is broadly defined.[28] The parties do not dispute that the defendants qualify as public bodies and that the information sought under ACLU Delaware's requests constitute public records.

8. All requests for information under FOIA "shall be made in writing to the public body."[29] The requesting party shall "describe the records sought in sufficient detail to enable the public body to locate such records with reasonable effort."[30] "Each public body shall designate a FOIA coordinator who shall serve as the point of contact for FOIA requests and coordinate the public body's responses

---

[26] 29 *Del. C.* § 10003(a).

[27] 29 *Del. C.* § 10002(o).

[28] *See* 29 *Del. C.* § 10002(k).

[29] 29 *Del. C.* § 10003(f)(1).

[30] 29 *Del. C.* § 10003(f)(2).

5

thereto."[31] The public body shall respond to a FOIA request as soon as possible, but no later than fifteen business days after the receipt of the request.[32]

9. Under 29 *Del. C.* § 10003(m)(2), the public body upon which a request has been made may charge administrative fees "for requests requiring more than 1 hour of staff time to process."[33] "The public body shall make every effort to ensure that administrative fees are minimized, and may only assess such charges as shall be reasonable required to process FOIA requests."[34]

10. FOIA provides a path for the public to obtain public records from public bodies. FOIA also provides enforcement measures where: (1) a citizen is denied access to public records; [35] or (2) a public body violates the FOIA statute.[36] In the case of a denial of access to records:

> Any citizen denied access to public records as provided in this chapter may bring suit within 60 days of such denial. . . . Notwithstanding the foregoing, a person denied access to public records by an administrative office or officer, a department head, commission, or instrumentality of state government which the Attorney General is obliged to represent pursuant to § 2504 of this title must within 60 days of denial, present a petition and all supporting documentation to the Chief Deputy as described in subsection (e) of this section. Thereafter, the petitioner or public body the Attorney General is otherwise obligated to represent

---

[31] 29 *Del. C.* § 10003(g)(1).

[32] 29 *Del. C.* § 10003(h)(1).

[33] 29 *Del. C.* § 10003(m)(2).

[34] *Id.*

[35] 29 *Del. C.* § 10005(b).

[36] 29 *Del. C.* § 10005(e).

6

may appeal an adverse decision on the record to the Superior Court within 60 days of the Attorney General's decision.[37]

To enforce violations of this chapter:

> Any citizen may petition the Attorney General to determine whether a violation of this chapter has occurred or is about to occur. The petition shall set forth briefly the nature of the alleged violation. Upon receiving a petition, the Attorney General shall promptly determine whether the petition is against an administrative office or officer, agency, department, board, commission or instrumentality of state government which the Attorney General is obliged to represent pursuant to § 2504 of this title. Every petition against an administrative office or officer, agency, department, board, commission or instrumentality of state government which the Attorney General is obliged to represent pursuant to § 2504 of this title shall be referred to the Chief Deputy Attorney General who shall, within 20 days of receiving the petition, render a written determination to the petitioner and the public body involved declaring whether a violation has occurred or is about to occur. If the Chief Deputy finds that a violation of this chapter has occurred or is about to occur, the Attorney General shall not represent the public body in any appeal filed pursuant to this chapter for such violation if the public body the Attorney General is otherwise obligated to represent fails to comply with the Chief Deputy's determination. Regardless of the finding of the Chief Deputy, the petitioner or the public body may appeal the matter on the record to Superior Court. In every other case, the Attorney General shall, within 10 days, notify in writing the custodian of records or public body involved. Within 20 days of receiving the petition, the Attorney General shall make a written determination of whether a violation has occurred or is about to occur, and shall provide the citizen and any custodian of records or public body involved with a copy of the determination. If the Attorney General finds that a violation of this chapter has occurred or is about occur, the citizen may: (1) File suit as set forth in this chapter; or (2) request in writing that the Attorney General file suit on the citizen's behalf. If such request is made, the Attorney General may file suit, and shall within 15 days notify the citizen of the decision to file suit, unless

---

[37] 29 *Del. C.* § 10005(b).

the custodian of records or public body has agreed to comply with this chapter. The citizen shall have the absolute right to file suit regardless of the determination of the Attorney General, and may move to intervene as a party in any suit filed by the Attorney General.[38]

11.    When interpreting a statute, this Court endeavors to "give effect to legislative intent."[39]  The doctrine of "*in pari materia*" guides this work.  "Under this rule, related statutes must be read together rather than in isolation, particularly when there is an express reference in one statute to another statute."[40]

12.    Section 10005 offers two distinct avenues contingent upon the nature of the alleged failure of the public body.  And, giving full meaning to the terms of the statute, section 10005 requires, in both instances, a determination of whether the Attorney General is obliged to represent the public body from which records are sought.  Here, the parties agree that the Attorney General is not obliged to represent any of the named defendants.

13.    Where a public body which the Attorney General is *not* obligated to represent pursuant to 29 *Del. C.* § 2504 denies a citizen access to records, the requestor may "bring suit within 60 days of such denial."[41]  On the other hand, where

---

[38] 29 *Del. C.* § 10005(e).

[39] *Richardson v. Board of Cosmetology and Barbering of State*, 69 A.3d 353, 357 (Del. 2013) (internal citations omitted).

[40] *Id.*

[41] 29 *Del. C.* § 10005(b).  For entities "which the Attorney General is obliged to represent pursuant to § 2504 of this title," the citizen denied access "must within 60 days of denial, present a petition and all supporting documentation to the Chief

8

a citizen asserts a public body has violated FOIA, they "may petition the Attorney General to determine whether a violation of [FOIA] has occurred or is about to occur. The petition shall set forth briefly the nature of the alleged violation."[42] Regardless of the Attorney General's role in defending a public body, the path to assert "violation" begins with a petition to the Attorney General.[43]

14. ACLU Delaware's complaint challenges the reasonableness of Defendants' proposed fees.[44] ACLU Delaware was not denied access to records; rather, ACLU Delaware declined to pay fees that, in their view, are unreasonable. Because ACLU Delaware was not denied access to the requested records but instead contests the legality of Defendants' fees, they may seek enforcement under 29 *Del. C.* § 10005(e), not under 29 *Del. C.* § 10005(b).

15. Title 29, § 10005(e) of the Delaware Code provides ACLU Delaware the tools to address alleged violations of 29 *Del. C.* § 10003(m)(2) – FOIA's Administrative Fees provision. The question before the Court is whether ACLU Delaware may bypass the Attorney General and bring its claim of unreasonable fees

---

Deputy as described in subsection (e) of [section 10005]." *Id.* "[T]he petitioner or public body the Attorney General is otherwise obligated to represent may appeal an adverse decision on the record to the Superior Court within 60 days of the Attorney General's decision." *Id.*

[42] 29 *Del. C.* § 10005(e).

[43] *Id.*

[44] Compl.

in violation of 29 *Del. C.* § 10003(m)(2) directly to this Court. Under a plain reading of the FOIA statute, the Court concludes that it may not.

16. Delaware ACLU posits that 29 *Del. C.* § 10005(b) "establishes a default rule permitting suit in any court and modifying said rule as to state instrumentalities, whereas [29 *Del. C.* § 10005(e)] merely provides detail for the AG petition process and its broad availability."[45] They contend, "Defendants' interpretation of the clause would render parts of the statute superfluous."[46] Not so. "The focus when interpreting the meaning of a statute begins with the provision's plain language."[47] FOIA clearly distinguishes denials of information – enforceable under 29 *Del. C.* § 10005(b) – from violations of its terms – enforceable under 29 *Del. C.* § 10005(e). In both instances, an aggrieved party "may" seek to enforce the FOIA statute;[48] but the path of the petition varies. This is understandable. Administrative expertise is not required to assess an outright denial; but a determination of the reasonableness of fees is squarely within the expertise routinely applied by administrative agencies.

---

[45] Resp. at 4.

[46] *Id.* at 3.

[47] *Vanella on behalf of Delaware Call v. Duran*, 2025 WL 2549424, at *5 (Del. Super. Ct. Sept. 4, 2025).

[48] "Any citizen denied access to public records as provided in this chapter *may* bring suit within 60 days of such denial." 29 *Del. C.* § 10005(b) (emphasis added). Any citizen *may* petition the Attorney General to determine whether a violation of this chapter has occurred or is about to occur. 29 *Del. C.* § 10005(e) (emphasis added).

Challenges to fees proposed by a responding entity – alleged violations of the FOIA statute – must be presented first for administrative review by the Attorney General under 29 *Del. C.* § 10005(e). Only where a citizen seeks to challenge the denial of information from a public body the Attorney General is not obliged to represent may a complaint be brought directly to this Court.[49]

17. "Delaware has adopted the doctrine of exhaustion of administrative remedies."[50] "[A] party is required to exhaust all administrative remedies before bringing a claim in the Superior Court."[51] "The policy which sustains the doctrine is one of maintaining the proper relationship between the courts and administrative agencies."[52] Among other things, the policy allows an administrative agency to address matters "largely within the expertise of the involved agency."[53] While there is a "strong presumption favoring the requirement of exhaustion of administrative remedies[,] . . . exhaustion will not be required where the administrative review would be futile, where there is a need for prompt decision in the public interest,

---

[49] 29 *Del.. C.* § 10005(b).

[50] *Levinson v. Del. Comp. Rating Bureau, Inc.,* 616 A.2d 1182, 1187 (Del. 1992).

[51] *Kmetz v. American Association of University Professors*, 2017 WL 4285128, at *2 (Del. Sept. 27, 2017) (citing *Levinson v. Del. Comp. Rating Bureau, Inc.,* 616 A.2d 1182, 1187 (Del. 1992)).

[52] *Levinson,* 616 A.2d at 1187.

[53] *Id.*

11

where the issues do not involve administrative expertise or discretion or where irreparable harm would result from denial of immediate judicial relief."[54]

18.    Delaware's FOIA provides an administrative process for assessing violations of its terms.[55]  An aggrieved party may petition the Attorney General.[56] Upon receipt of a petition, the Attorney General initially assesses whether the claim is against an entity the Attorney General is statutorily obligated to represent.[57] Where, as here, the Attorney General does not represent the entity, they shall, "[w]ithin 20 days of receiving the petition . . . make a written determination of whether a violation has occurred or is about to occur."[58]  Only after the Attorney General engages in this review may a citizen proceed in this Court.[59]  The question for the Court, then, is whether there is some reason to sidestep the strong presumption for administrative review.  There is not.

19.    None of the conditions justifying circumvention of administrative exhaustion apply here.  First, there is no futility in presenting a FOIA fee challenge to the Attorney General; those within the office of the Attorney General charged with

---

[54] *Id.* at 1190.

[55] 11 *Del. C.* § 10005(e).

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] *Id.*

reviewing FOIA petitions have proven the capability to respond to alleged violations.[60] Second, presentation to the Attorney General in accordance with the FOIA statute would yield a prompt result; the statute itself imposes prompt deadlines. Third, and in the Court's view, most important here, the Attorney General possesses the unique expertise to assess the reasonableness of fees.[61] Fourth, ACLU Delaware suffers no harm proceeding first through the statutorily mandated administrative process; FOIA provides a citizen the ability to pursue a claim in this Court after the conclusion of the administrative process.

**CONCLUSION**

20. Under its terms, and as evidenced by decisions reflecting its application, Delaware's FOIA is designed to afford citizens quick redress to alleged violations. This process ensures consistent application of the law and leverages the Attorney General's administrative expertise in this field; under Delaware's statutory scheme, the Attorney General is best positioned to assess the reasonableness of administrative fees.

---

[60] *See e.g.,* Del. Op. Att'y Gen. 21-IB22 (2021), FOIA Petition Regarding the Delaware Department of State (Sept. 29, 2021) (concluding public body failed to demonstrate it minimized use of "nonadministrative" personnel in calculating fees); Del. Op. Att'y Gen. 19-IB02, FOIA Petition Regarding the City of Wilmington (Feb. 11, 2019) (determining public body did not violate FOIA by providing cost estimates of private vendors).

[61] *See id.*

21.    Delaware's FOIA provides a clear administrative path to enforce alleged violations of its terms.  ACLU Delaware must petition the Attorney General under 29 *Del. C.* § 10005(e) and follow the administrative process dictated by that statute before presenting a claim to this Court.  Defendants' Motion to Dismiss is **GRANTED**.

IT IS SO ORDERED.

_____
Sean P. Lugg, Judge

14